IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AMY C. STEVENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No.   CIV-05-1274-M |
| JO ANNE B. BARNHART, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

# FINDINGS & RECOMMENDATION
## OF MAGISTRATE JUDGE

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying her applications for supplemental security income benefits (SSI) under 42 U.S.C. §1382c(a)(3) and for disability insurance benefits (DIB) under 42 U.S.C. §§416(i) and 423 of the Act. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and for the reasons stated herein, it is recommended that the Commissioner's decision be **REVERSED and REMANDED for further administrative proceedings**.

### PROCEDURAL HISTORY

Plaintiff filed her applications for SSI and DIB alleging a disability since June 13, 2003 (TR. 61-65, 408-411). The applications were denied on initial consideration and on reconsideration at the administrative level (TR. 412, 424, 34, 35). Pursuant to the Plaintiff's request, a hearing *de novo* was held before an administrative law judge (ALJ) on February 12, 2004 (TR. 427-456). The Plaintiff appeared in person and with her attorney and offered her testimony in support of the applications (TR. 432-445). A vocational expert (VE) testified at the request of the ALJ (TR. 452-455). The ALJ issued his decision on April 28, 2005 finding that Plaintiff was not entitled to SSI or

DIB (TR. 22-32). The Appeals Council denied the Plaintiff's request for review on September 9, 2005, and thus, the decision of the ALJ became the final decision of the Commissioner (TR. 6-8).

## STANDARD OF REVIEW

The Tenth Circuit case of *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800-801 (10th Cir. 1991), sets forth the standard of review for social security disability cases:

> We must affirm the decision of the Secretary if it is supported by substantial evidence. *(citations omitted)*. Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *(citations omitted)*. In evaluating the appeal, we neither reweigh the evidence nor substitute our judgment for that of the agency. *(citations omitted)*. We examine the record as a whole, including whatever in the record fairly detracts from the weight of the Secretary's decision and, on that basis, determine if the substantiality of the evidence test has been met. *(citations omitted)*. If, however, the correct legal test in weighing the evidence has not been applied, these limitations do not apply, and such failure constitutes grounds for reversal. *(citations omitted)*.

Further, the Tenth Circuit has stated that "[a] finding of no substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) *(citations omitted)*.

## DISCUSSION & FINDINGS

In addressing the Plaintiff's disability application the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520.  At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity for the relevant period so the process continued (TR. 31).  At step two, the ALJ concluded that the Plaintiff's "borderline intellectual functioning, mood disorder, NOS, and psychosis, NOS" were severe mental impairments (TR. 31).  At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments which meet or equal any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 31, 24). At step four, the ALJ found that Plaintiff lacked the residual functional capacity (RFC) to perform her past relevant work (PRW) (TR. 31).

2

At the point that step five is reached, a disability preventing prior work activity has been shown and the burden shifts to the Commissioner to show that the claimant retains the ability to perform an alternative work activity which exists in the national economy. *Sorenson v. Bowen*, 888 F.2d 706, 710 (10th Cir. 1989); *Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989). The ALJ found that Plaintiff had the RFC to perform other jobs which existed in significant numbers in both the national and regional economies (TR. 31). By considering the testimony of the VE, the ALJ determined that the Plaintiff was not disabled within the meaning of the Social Security Act and was therefore not entitled to SSI or DIB (TR. 31-32).

On appeal to this Court, Plaintiff argues that the ALJ erred at step three of the sequential evaluation process by not finding that Plaintiff met Listing 12.05C *Mental Retardation* (20 C.F.R. § 404.1520(c))[1]; that the ALJ erred in his step three analysis; and that the ALJ erred in his credibility analysis.

## MEDICAL EVIDENCE

In February 2002 Plaintiff was examined by Annette Miles, Ph.D. (clinical psychologist), who administered a Wechsler Adult Intelligence Scale Test (hereafter "WAIS III") to Plaintiff (TR. 289-290). Plaintiff's test results were a verbal I.Q. score of 72, a performance I.Q. score of 74, and a full scale I.Q. score of 70 (TR. 289). Dr. Miles concluded that Plaintiff's scores placed her in the "Borderline classification of intellectual functioning" (TR. 290). Dr. Miles also concluded that the results of the test appeared to be valid and representative of Plaintiff's current level of intellectual functioning (TR. 289). Dr. Miles noted that intelligence testing completed when Plaintiff was very

---

[1] 12.05 *Mental retardation*: Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22. The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied…
    C.  A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function;

young estimated her I.Q. to be in the mild mental retardation category, but that it "appears that since her seizures have stopped and she no longer takes seizure medication, her skills have improved" (TR. 290). Dr. Miles also offered that Plaintiff should be able to hold a lower level job with some supervision; and that she did not consider any psychological deficits that may be present (TR. 290).

### Step Three Analysis

Plaintiff argues that she meets or equals the listing of impairments at either Listing 12.05C *Mental Retardation* and also urges that the ALJ failed to perform a proper analysis at step three (See Plaintiff's Brief at page 2-6). In particular she argues that her I.Q. score of 70 satisfies the first prong of the Listing and the ALJ's finding that Plaintiff had the additional severe impairments of "mood disorder, NOS, and psychosis, NOS," together, satisfy the second prong of 12.05C and thus require a finding of disability at step three (See Plaintiff's Brief at pages 3-4).

The second prong of 12.05C requires that the claimant have "a physical or other mental impairment imposing additional and significant work-related limitation of function." The 12.05C limitation is significant if the claimant suffers from a severe physical or other mental impairment, as defined at step two of the disability analysis, apart from the decreased intellectual function. *Hinkle v. Apfel,* 132 F.3d 1349, 1352 (10th Cir. 1997); See *Edwards v. Heckler,* 736 F.2d 625, 629-31 (11th Cir. 1984); *Nieves v. Secretary of Health & Human Servs.,* 775 F.2d 12, 14 & n.7 (1st Cir. 1985); but see *Edwards ex rel. Edwards v. Heckler, 755 F.2d 1513, 1515* (11th Cir. 1985) (clarifying that 'significant' requires something less than 'severe' as defined in § 404.1520(c) (step two)).

At step three of the sequential evaluation process, a claimant's impairment is compared to the Listings (20 C.F.R. Pt. 404, Subpt. P, App. 1). If the impairment is equal or medically equivalent to an impairment in the Listings, the claimant is presumed disabled. A plaintiff has the burden of proving that a Listing has been equaled or met. *Bowen v. Yuckert*, 482 U.S. at 140-42 (1987);

*Williams v. Bowen*, 844 F.2d at 750-51 (10th Cir. 1988). In his decision, the ALJ is "required to discuss the evidence and explain why he found that [the claimant] was not disabled at step three." *Clifton v. Chater*, 79 F.3d 1007 (10th Cir. 1996).

It is apparent from the ALJ's decision that he failed in his duty to discuss the evidence and explain why he found that Plaintiff was not disabled at step three. *Clifton* at 1008. The ALJ offers only a conclusory statement that Plaintiff's "impairments do not meet or equal in severity the appropriate medical findings contained in 20 CFR Part 404, Appendix 1, Subpart P (Listing of Impairments)" (TR. 24, 31). The ALJ's meager discussion of the evidence is wholly inadequate.

In *Clifton* the ALJ did not discuss the evidence or his reasons for determining that the claimant was not disabled at step three, or even identify the relevant listing. The ALJ merely stated a summary conclusion that the claimant's impairments did not meet or equal any listed impairment. The ALJ failed to discuss why the elements of the appropriate listing were not met in this case (TR. 24, 31). In short, the ALJ in this case made the same type of summary conclusion as the ALJ in *Clifton*. In *Clifton*, the Tenth Circuit held that such a bare conclusion was beyond any meaningful judicial review. *Clifton* at 1009.

In particular, the Tenth Circuit held as follows:

> Under the Social Security Act,
>
> > [t]he Commissioner of Social Security is directed to make findings of fact, and decisions as to the rights of any individual applying for a payment under this subchapter. Any such decision by the Commissioner of Social Security which involves a determination of disability and which is in whole or in part unfavorable to such individual shall contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons upon which it is based.
>
> 42 U.S.C. 405(b)(1). . . .
>
> This statutory requirement fits hand in glove with our standard of review. By congressional design, as well as by administrative due process standards, this court should not properly engage in the task of weighing evidence in cases before the Social

5

> Security Administration. 42 U.S.C. 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). . . . Rather, we review the [Commissioner's] decision only to determine whether his factual findings are supported by substantial evidence and whether she applied the correct legal standards. . .
>
> In the absence of ALJ findings supported by specific weighing of the evidence, we cannot assess whether relevant evidence adequately supports the ALJ's conclusion that [the claimant's] impairments did not meet or equal any Listed Impairment, and whether he applied the correct legal standards to arrive at that conclusion. The record must demonstrate that the ALJ considered all of the evidence, but an ALJ is not required to discuss every piece of evidence. . . . Rather, in addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects. . . . Therefore, the case must be remanded for the ALJ to set out his specific findings and his reasons for accepting or rejecting evidence at step three.

*Clifton*, at 1009-10 (internal case citations omitted).

The undersigned wishes to make it clear, however, that he is in no way expressing an opinion as to whether Plaintiff actually meets or equals Listing 12.05C. Rather, the undersigned is simply recommending that this case be remanded so that the ALJ can adequately discuss his conclusions in connection with Listing 12.05C. Only then can this Court review the ALJ's decision in connection with the relevant listing.

**Credibility Analysis**

Plaintiff also argues on appeal that the ALJ erred in his assessment of Plaintiff's credibility (See Plaintiff's Brief at pages 6-7). The legal standards for evaluating pain and credibility are outlined in 20 C.F.R. §§ 404.1529(c), 416.929 and SSR 96-7p, and were addressed by the Tenth Circuit Court of Appeals in *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987). First, the asserted pain-producing impairment must be supported by objective medical evidence. *Id.* at 163. Second, assuming all the allegations of pain as true, a claimant must establish a nexus between the impairment and the alleged pain. "The impairment or abnormality must be one which `could reasonably be expected to produce' the alleged pain." *Id.* Third, the decision maker, considering

all of the medical data presented and any objective or subjective indications of the pain, must assess the claimant's credibility.

> [I]f an impairment is reasonably expected to produce some pain, allegations of disabling pain emanating from that impairment are sufficiently consistent to require consideration of all relevant evidence.

*Id.* at 164.  In assessing the credibility of a claimant's complaints of pain, the following factors may be considered.

> [T]he levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

*Hargis v. Sullivan*, 945 F.2d 1482, 1488 (10th Cir. 1991).  *See also Luna*, 834 F.2d at 165 ("The Secretary has also noted several factors for consideration including the claimant's daily activities, and the dosage, effectiveness, and side effects of medication.").

In *Kepler v. Chater*, 68 F.3d 387, (10th Cir. 1995), the Tenth Circuit determined that an ALJ must discuss a Plaintiff's complaints of pain, in accordance with *Luna*, and provide the reasoning which supports the decision as opposed to mere conclusions.  *Id.* at 390-91.

> Though the ALJ listed some of these [Luna] factors, he did not explain why the specific evidence relevant to each factor led him to conclude claimant's subjective complaints were not credible.

*Id.* at 391.  *Kepler* does not require a formalistic factor-by-factor recitation of the evidence. *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000). So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, the dictates of *Kepler* are satisfied.  *Id* at 1372.

In the present case the ALJ reached step three of the *Luna* analysis and in assessing the credibility of the Plaintiff followed the dictates of *Kepler* by providing an exceedingly thorough and meaningful discussion of the evidence which linked specific evidence to his findings (TR. 27-29).

In accordance with *Luna* and *Kepler,* the ALJ determined that the medical evidence did not

support the degree of limitation claimed by Plaintiff. The absence of an objective medical basis for the degree of severity of pain may affect the weight given to subjective allegations of pain. *Thompson v. Sullivan*, 987 F.2d 1482, 1489 (10th Cir. 1993); *See Luna*, at 165 (10th Cir. 1987). Further, although Plaintiff complained of pain, none of Plaintiff's doctors provided explicit confirmation of the existence of disabling pain and this absence of confirmation detracted from Plaintiff's credibility. *Talley v. Sullivan*, 908 F.2d 585, 587 (10th Cir. 1990); *Huston v. Bowen*, 838 F.2d 1131, 1129 (10th Cir. 1988).

An ALJ's determination of credibility is given great deference by the reviewing court. *See Hamilton v. Secretary of Health & Human Services*, 961 F.2d 1495 (10th Cir. 1992). On appeal, the court's role is to verify whether substantial evidence in the record supports the ALJ's decision, and not to substitute the court's judgment for that of the ALJ. *Kepler* at 391; (Credibility determinations are peculiarly within the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence); *Musgrave*, 966 F.2d 1371, 1374.

Thus, it appears from the record that the ALJ's credibility determination was supported by substantial evidence and should not be disturbed on appeal.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner is not supported by substantial evidence and should be **REVERSED and REMANDED for further administrative proceedings**. The parties are advised of their right to object to these findings and recommendation within twenty (20) days of the date of the filing hereof, in accordance with 28 U.S.C. §636 and Local Court Rule 72.1 (a). The parties are further advised that failure to make timely objection to these findings and recommendation waives their right to appeal from a

judgment of the district court based upon these findings and recommendation. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

The foregoing Findings and Recommendation disposes of all issues referred to the undersigned magistrate judge in the above captioned matter.

ENTERED on October 23, 2006.

*/s/ Shon T. Erwin*
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE